IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WALTER J.D. MOFFETT,

                Plaintiff,                      OPINION AND ORDER

v.

                                                  18-cv-656-wmc

MICHAEL DITTMAN, et al.,

                Defendants.

---

*Pro se* plaintiff Walter Moffett, a prisoner at Columbia Correctional Institution, contends that Columbia officials failed to provide him medical attention, then placed him in a non-wheelchair accessible unit in 2016. The court granted Moffett leave to proceed on claims arising out of the conditions of his confinement under the Eighth and Fourteenth Amendments and Wisconsin negligence law, all arising from Moffett's alleged inability to obtain medical care while housed in a segregation unit between January and May of 2016. Moffet was also granted leave to proceed with his claim under the Americans with Disabilities Act/Rehabilitation Act based on his allegations that beginning in June of 2016, Moffett's requests for a wheelchair were ignored and he was placed in a non-wheelchair accessible unit. Now before the court is defendants' motion for summary judgment on the ground that Moffett failed to exhaust his administrative remedies. (Dkt. #44.) For the following reasons, the court will grant defendants' motion for summary judgment because of plaintiff's failure to exhaust his federal claims and relinquish supplemental jurisdiction over plaintiff's state-law claims, closing this case.

OPINION

Prisoners may not bring a federal claim about events in prison "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In other words, a prisoner must follow all the prison's rules for completing its grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes: (1) compliance with instructions for filing an initial, administrative grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) pursuing *all* available appeals from a denial of a grievance "in the place, and at the time, the prison administrative rules require," *Pozo*, 286 F.3d at 1025. Moreover, "[e]xhaustion is necessary even if . . . the prisoner believes that exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006); *see also Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement.").

The purpose of this exhaustion requirement is to afford prison administrators a fair opportunity to resolve a prisoner's grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). Thus, a prisoner's failure to exhaust constitutes an affirmative defense, which defendant must prove, *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018); and at summary judgment, defendants must specifically show that: (1) there is no genuine dispute of material fact as to plaintiff's failure to exhaust; and (2) they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Under the regulations in place in 2016, Wisconsin prisoners were required to start the complaint process by filing an inmate complaint with the institution complaint examiner ("ICE") within 14 days after the occurrence giving rise to the complaint. Wis.

Admin. Code § DOC 310.09(6). The regulations provided that the complaint must "[c]ontain only one issue . . . and shall clearly identify the issue." *Id.* § 310.09(1)(e). If ICE rejected a grievance for procedural reasons, without addressing the merits, an inmate could appeal that rejection. *Id.* § 310.11(6). If the complaint was not rejected on procedural grounds, then ICE was required to make a recommendation to the reviewing authority as to how the complaint should be resolved. *Id.* § 310.11(6). The offender complaint was then to be decided by the appropriate reviewing authority, whose decision could be further appealed by the inmate to a correctional complaint examiner ("CCE") within "10 calendar days." *Id.* §§ 310.12, 310.13. If appealed timely, CCE must make a recommendation to the Secretary of the Department of Corrections, whose decision is final. *Id.* §§ 310.13, 310.14.

      Here, defendants seek summary judgment because Moffett never filed any inmate complaints about his inability to obtain medical care or placement in a non-wheelchair accessible unit in or around 2016. Indeed, in all of 2016, Moffett filed just three inmate complaints, none of which relate to the claims in this lawsuit. In CCI-2016-19607, Moffett filed an inmate complaint he described as a "co-pay" issue; in CCI-2016-20557, Moffett complained that he wanted his food tray brought to him; and in CCI-2016-20558, Moffett complained that he was subject to random searches when he was off unit. (Ex. 1000 (dkt. #46-1) 1.) None of these complaints refer to any unmet medical need, nor to a need to be placed in a wheelchair accessible unit.

      Moffett does not dispute that he failed to file any inmate complaints regarding the subjects at suit, and his two arguments for being relieved of that obligation both fail. First,

3

Moffett contends that he was not required to file any inmate complaints because there was general knowledge among institution staff about his disability needs.  Even assuming that all defendants were personally aware of his need for a wheelchair before his placement in a non-wheelchair accessible unit, however, this awareness does not satisfy the exhaustion requirement.  Rather, Moffett needed to follow the ICRS procedures that require him to file an inmate complaint and all appeals, as appropriate.  *See Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) (to exhaust properly "a prisoner must comply with the specific procedures and deadlines established by the prison's policy") (quotation and citation omitted).

      Second, Moffett seems to contend that he did all that was required by attempting to resolve his complaints through the institution chain of command.  Again, even assuming Moffett used informal procedures to raise his concerns, even attempting to resolve an issue informally through the chain of command, is not a substitute for filing a formal inmate complaint.  *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).  Moreover, Moffett fails to explain why he failed to follow his informal attempts at resolving the medical care and wheelchair issues with a formal inmate complaint before he initiating this lawsuit.  In fairness, Moffett does assert that he "made numerous attempts" to exhaust using the inmate complaint system, which is perhaps a suggestion that he exhausted the administrative procedures made available to him but was prevented from fully exhausting.  *Ross v. Blake*, 578 U.S. 632, 643 (2016) ("[A]n administrative procedure is unavailable when . . . it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates.").  However, Moffett's vague, undocumented

assertions regarding his claimed efforts to exhaust his administrative remedies do not create a genuine dispute of fact as to whether Moffett exhausted all administrative procedures available to him, nor that he was otherwise prevented from filing an inmate complaint due to interference by prison officials. *See Bordelon v. Bd. of Educ. of the City of Chicago*, 811 F.3d 984, 989 (7th Cir. 2016) ("Rule 56 demands something more specific than the bald assertions of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted."). Therefore, defendants have proven plaintiff's failure to exhaust the claims in this lawsuit, and the court must grant summary judgment.

Even so, the court will dismiss plaintiff's federal claims without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). This means plaintiff can technically refile these claims if he can successfully exhaust them, but he will likely find it impossible to file a proper grievance because the relevant events happened too long ago. Moreover, because no federal claims remain in this lawsuit, the court will relinquish supplemental jurisdiction over Moffett's state-law negligence claims, which will be dismissed without prejudice as well, and because of longer statutes of limitations and more lenient exhaustion requirements *may* still be pursued in state court. *Casteel v. Vaade,* 167 Wis. 2d 1, 481 N.W.2d 476 (Wis. 1992) (a plaintiff bringing claims under § 1983 need not exhaust administrative remedies before initiating a lawsuit in state court).

ORDER

IT IS ORDERED that:

1) Defendants' motion for summary judgment for failure to exhaust administrative remedies (dkt. #44) is GRANTED and plaintiff's federal claims are DISMISSED without prejudice.

2) The court relinquishes supplemental jurisdiction over plaintiff's state-law claims, which are DISMISSED without prejudice.

3) The clerk of court is directed to enter final judgment accordingly and close this case.

Entered this 18th day of September, 2023.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge